DANIEL E. WILLIAMS (ISB 3920)
JONES WILLIAMS FUHRMAN GOURLEY, PA
225 N. 9th Street, Suite 820
P.O. Box 1097
Boise, ID  83701-1097
Telephone: (208) 331-1170
Fax: (208) 331-1529
dwilliams@idalaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE STATE OF IDAHO

| | |
|---|---|
| SHEILA M. ADLER, an individual,<br><br>　　　　　Plaintiff,<br>vs.<br><br>SUN VALLEY COMPANY, a Wyoming corporation,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

　　　　Plaintiff, Sheila M. Adler ("Ms. Adler" or "Plaintiff"), by and through her counsel, JONES WILLIAMS FUHRMAN GOURLEY, P.A., for her claims against Sun Valley Company ("Sun Valley," "Employer" or "Defendant") alleges and states:

## I.  JURISDICTION AND VENUE

　　　　1.　　This Court has original jurisdiction under 28 U.S.C. § 1331.

　　　　2.　　The acts alleged occurred in Blaine County, Idaho, and caused the claims.  The employment practices alleged to be unlawful were committed in this jurisdiction and venue is proper in the Southern Division of the District of Idaho under 28 U.S.C. § 1391(a)(3) and under Dist. Idaho Loc. Civ. R. 3.1.

COMPLAINT AND DEMAND FOR JURY TRIAL – Page 1

## II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Plaintiff timely filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about November 14, 2019.

4. Plaintiff timely filed a further charge of discrimination and retaliation with the Idaho Human Rights Commission ("IHRC") and the EEOC on or about May 5, 2020.  The IHRC charge was transferred to the EEOC Seattle Field Office pursuant to a work-sharing agreement between the two agencies.

5. Plaintiff's charges alleged Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"); and, the Idaho Human Rights Act, Idaho Code § 67-5901 *et seq.*

6. Plaintiff received a Notice of Right to Sue from the EEOC on August 17, 2020.  This Complaint is filed within 90 days of Plaintiff's receipt of these Notices.  Plaintiff is requesting a Dismissal and Notice of Rights from the IHRC.

7. Plaintiff has exhausted all administrative remedies required by Title VII and under the laws of the State of Idaho.

## III.  THE PARTIES

8. Plaintiff, Sheila M. Adler, is an individual residing in Blaine County, Idaho.

9. Defendant, Sun Valley Company, is a Wyoming corporation operating in Blaine County, Idaho.

10. At all relevant times, Defendant employed over 15 people.

## IV.  FACTUAL ALLEGATIONS

11. Plaintiff incorporates paragraphs 1 through 10 above.

12.     While employed by Defendant, Plaintiff was subjected to illegal discrimination on the basis of sex in regards to pay and other conditions of employment in violation of the federal Title VII and the Idaho Human Rights Act.  Plaintiff was then retaliated against and terminated by Defendant for engaging in protected activity by raising sex, race and other discrimination and harassment related issues in the workplace.

13.     On or about January 20, 2007, Ms. Adler became the Sun Valley Concierge for Defendant, and ultimately attained the title of Executive Concierge & Resort Ambassador.

14.     After a bidding process, Ms. Adler was also awarded a contract by Defendant as the private vendor for resort floral services in April 2014.

15.     Additionally, Ms. Adler was also appointed by one of Defendant's individual owners, Carol Holding, to serve as her liaison.

16.     In 2016, Ms. Adler's long-time supervisor retired and was replaced by a new employee of Defendant, Justin Cambier.

17.     In November 2016, Ms. Adler was diagnosed with breast cancer.  Between November 2016 and February 2017, while she was undergoing surgery and treatment, Ms. Adler missed fewer than ten days of work.

18.     In 2017, the Defendant also entrusted Ms. Adler with an appointment to serve as a "Manager on Duty" for the resort. This position carried significant authority and responsibility, during times when the General Manager, Director of Hospitality, and Director of Guest Services were not available on the property. These duties were in addition to her duties as Executive Concierge, Resort Ambassador, and Liaison to owner, Mrs. Carol Holding.

19.     Ms. Adler consistently received numerous accolades from guests, including commendations from Idaho's Governor, and US Senators for her exceptional guest services, as

COMPLAINT AND DEMAND FOR JURY TRIAL – Page 3

well as accolades from the resort owners. Ms. Adler consistently received glowing employee reviews from supervisors and co-workers. Ms. Adler also attained the prestigious Les Clefs d'Or status, which is the highest level of international professional concierge accreditation. Membership in this elite organization is based on an extensive independent industry review of the applicant's skills, as well as a recommendation from the applicant's supervisor and general manager.

20. In the spring and summer of 2017, Ms. Adler became concerned that not only she, but two other members of the Concierge Department, were being discriminated against and harassed by Justin Cambier on the basis of sex, age and race.

21. On or about August 14, 2017, Ms. Adler submitted a formal internal complaint with Defendant pursuant to its anti-discrimination policies that two of her subordinates were being subjected to illegal discrimination and harassment by Justin Cambier.

22. In November 2017, in retaliation for Ms. Adler's complaints, Defendant suddenly removed her from the company Quality Assurance Team, of which she had been a member for the previous five years. Even after she demonstrated that the meeting was essential to her duties as a Manager on Duty, and Executive Concierge, she was denied access.

23. On November 30, 2017, Ms. Adler was called to a meeting with Defendant's General Manager, Human Resources Manager and Executive Assistant to discuss her concerns. During the meeting, Ms. Adler was reprimanded by the General Manager for filing complaints and assisting other employees in filing complaints with Defendant's corporate office.

24. After the November 30, 2017 meeting, Ms. Adler filed a further internal complaint of retaliation with Defendant's General Manager and Human Resources Director.

25.     Between January and April 2018, Ms. Adler was required by Defendant to attend meetings with the Human Resources Director and the General Manager she had filed complaints against, sometimes including others appointed by the General Manager, allegedly to "improve communication."  Instead, these meetings devolved into bullying sessions in which Ms. Adler was threatened for her prior complaints, accusing her of being a "troublemaker."

26.     On or about April 30, 2018, Ms. Adler filed a charge with the Idaho Human Rights Commission.  In May 2018, Ms. Adler received an anonymous note at work suggesting that she not pursue any complaints against the company.  Under this threat, Ms. Adler ultimately determined not to pursue the IHRC charge.

27.     On or about December 15, 2018, Ms. Adler filed a further internal complaint of retaliation after Defendant manufactured a false and pretextual written attendance warning which also violated her Family Medical Leave Act (FMLA) rights.

28.     On or about March 11, 2019, Ms. Adler was called and interviewed by an IHRC investigator regarding a charge filed by a former employee of Defendant.  Later, the investigator disclosed to Ms. Adler that he did have permission from the Defendant to speak with her, since she was a manager and still employed with Defendant.  When the IHRC Investigator sought permission from Defendant, Defendant denied such permission.

29.     On or about April 23, 2019, Ms. Adler filed a further complaint of continuing retaliation by Defendant regarding her protected activities.

30.     In June 2019, Ms. Adler advised Defendant of a further EEO compliance issue regarding the benefit entitlements of one of her subordinates.

31. Throughout 2018 and 2019, Ms. Adler was denied typical and customary wage increases and continued to be subjected to heightened scrutiny and retaliation regarding professional training opportunities, promotions, awards and other conditions of employment.

32. Finally, on July 12, 2019, Defendant terminated Ms. Adler based on a false and pretextual basis.  On July 15, 2019, Defendant also terminated her private vendor floral services. Moreover, Defendant instructed its employees not to continue to utilize or recommend Ms. Adler for any guest requests for floral business.

33. The effect of the practices of the Defendant complained of in the above paragraphs has been to deprive Ms. Adler of equal employment opportunities and otherwise affect her status as an employee of Defendant because of retaliation.

34. The unlawful employment practices of Defendant complained of in the above paragraphs were intentional.

35. The unlawful employment practices of Defendant complained of in the above paragraphs were done with malice or reckless indifference to the federally protected rights of Ms. Adler.

**FIRST CLAIM FOR RELIEF**
**(Violations of Title VII)**

36. Plaintiff incorporates paragraphs 1 through 35 above.

37. Defendant is an "employer" as defined by 42 U.S.C. § 2000e-(b).

38. Defendant, through the acts of the above-mentioned individuals and Plaintiff's supervisors, created an abusive and hostile work environment on the basis of sex, age and race. Such actions were severe enough to alter Plaintiff's job and created a hostile working environment.  Defendant further directly discriminated against Plaintiff in the conditions of her employment, including, but not limited to, pay.  Defendant further retaliated against Plaintiff for

asserting her rights and engaging in protected activity pursuant to Title VII by taking materially adverse employment actions against her, including, but not limited to, her employment termination, as well as termination of her private vendor floral contract.

39. As a direct, foreseeable, and proximate result of Defendant's actions, through the individuals identified herein, Plaintiff has suffered and continues to suffer grievous and extensive damages, entitling Plaintiff to recover the following damages in amounts to be proven at trial:

39.1 Lost past and future wages;

39.2 Lost past and future benefits, including, but not limited to lost vacation, R & R company benefits, lost bonuses, lost sick leave, lost medical benefits, lost retirement plan, and other like employee perks and benefits;

39.3 Lost past and future private vendor floral contract income;

39.4 Affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices for Ms. Adler's past and continuing emotional distress, mental anguish, pain and suffering, humiliation, and enjoyment of life;

39.5 Punitive damages for the Defendant's malicious and reckless conduct;

39.6 Grant such further relief as the Court deems necessary and proper in the public interest;

39.7 Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, and which eradicate the effects of their past and present unlawful employment practices; and,

39.8 Under 42 U.S.C. 2000e-5(k), reasonable attorneys' fees, court costs, and expert witness fees, regarding pursuing Plaintiff's rights under this cause of action, besides punitive damages.

## SECOND CLAIM FOR RELIEF
### (Violations of the Idaho Human Rights Act)

40. Plaintiff incorporates paragraphs 1 through 39.8 above.

41. As stated above, Defendant's multiple actions similarly constituted violations of the Idaho Human Rights Act, Idaho Code § 67-5901, *et seq*., particularly § 67-5911, and Plaintiff has suffered direct, foreseeable, and proximate damages, as set forth herein.

## THIRD CLAIM FOR RELIEF
### (Intentional/Negligent Infliction of Emotional Distress)

42. Plaintiff incorporates paragraphs 1 through 41 above.

43. Through the individuals identified, Defendant's conduct was extreme, outrageous and reckless and such conduct caused Plaintiff emotional distress.

44. Defendant's actions in retaliating against Plaintiff for federally and state protected activity and terminating her employment was intentional and/or negligent and caused Plaintiff physical symptoms, along with emotional distress.

45. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages in amounts to be proven.

## FOURTH CLAIM FOR RELIEF
### (Termination in Violation of Public Policy)

46. Plaintiff incorporates paragraphs 1 through 45.

47. Defendant's conduct in terminating Plaintiff for statutorily protected activity contravened public policy in the State of Idaho.

48. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages in amounts to be proven.

## FIFTH CLAIM FOR RELIEF
### (Tortious Interference with Prospective Economic Advantage)

49. Plaintiff incorporates paragraphs 1 through 48.

50. Plaintiff had a valid economic expectancy of further floral business from guests of Defendant.

51. Defendant knew of Plaintiff's economic expectancy in further floral business.

52. Defendant intentionally interfered with Plaintiff's economic expectancy by blacklisting Plaintiff and instructing its employees not to make any future recommendations or referrals to Plaintiff.

53. Defendant's interference was wrongful because it was based on the same retaliatory motive that led to her discharge.

54. Defendant's intentional interference with Plaintiff's prospective advantages constituted an extreme deviation from reasonable standards of conduct and was performed by Defendant with malice, wantonness and gross negligence that will entitle Plaintiff to an award that will punish Defendant and deter it and others from engaging in similar conduct.

55. As a direct and proximate result of Defendant's intentional interference, Plaintiff has been damaged in amounts to be proven at trial.

## PRAYER

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant, and award this relief:

a. Entry of a judgment for Plaintiff and against Defendant for the actual and/or compensatory damages sustained by Plaintiff for violations identified and any other injury or claim that may be discovered during the discovery process for which the law holds Defendant liable and responsible in an amount to be determined by a jury;

COMPLAINT AND DEMAND FOR JURY TRIAL – Page 9

b.  Actual and compensatory damages to include lost past and future wages; lost past and future benefits, including, but not limited to, lost vacation, lost bonuses, lost sick leave, lost medical benefits, lost retirement plan, and other like employee benefits; lost past and future private vendor floral contract income; past and continuing emotional distress, mental anguish, pain and suffering, humiliation, and enjoyment of life;

c.  Punitive damages pursuant to, *inter alia*, 42 U.S.C. § 1981a for engaging in discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff;

d.  Under 29 U.S.C. § 2617(a)(3), 42 U.S.C. § 12205 and I.R.C.P. Rule 54, reasonable attorneys' fees, court costs, and expert witness fees, regarding pursuing Plaintiff's rights under this cause of action; and,

d.  A judgment for such other relief, general or specific, as the Court may deem appropriate, just and equitable.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues.

DATED this 12th day of November, 2020.

JONES WILLIAMS FUHRMAN GOURLEY, P.A.


  */s/   Daniel E. Williams*
Daniel E. Williams
Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL – Page 10